`UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


Dwayne M. Valerio

    v.                                    Civil No. 15-cv-248-LM

William Wrenn et al.


## REPORT AND RECOMMENDATION


     Before the court in this 42 U.S.C. § 1983 action is

defendant Bonnie Johnson's motion for summary judgment (Doc. No.

21).[1]  Johnson asks the court to grant judgment in her favor on

the sole claim against her in this action.  Plaintiff Dwayne M.

Valerio has alleged that Johnson violated his Fourth Amendment

rights by monitoring video feed of Valerio's strip search and

shower during Valerio's July 6, 2012 intake at the New Hampshire

State Prison ("NHSP").  Valerio filed an objection (Doc. No. 31)

to the motion for summary judgment, Johnson has filed a reply

(Doc. No. 33) to that objection, and Valerio has filed a

surreply (Doc. No. 36).

---

     [1]Defendant Bonnie Johnson Theriault has been identified by
Valerio, and in pleadings in this case, as Bonnie Johnson, and
the court therefore also refers to her by that name.

## Summary Judgment Standard

Summary judgment is warranted where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); see also Xiaoyan Tang v. Citizens Bank, N.A., 821 F.3d 206, 215 (1st Cir. 2016).  "An issue is 'genuine' if it can be resolved in favor of either party, and a fact is 'material' if it has the potential of affecting the outcome of the case."  Xiaoyan Tang, 821 F.3d at 215 (internal quotation marks and citations omitted).  At the summary judgment stage, the court draws "'all reasonable inferences in favor of the non-moving party,' but disregard[s] 'conclusory allegations, improbable inferences, and unsupported speculation.'"  Fanning v. Fed. Trade Comm'n, 821 F.3d 164, 170 (1st Cir. 2016) (citation omitted), cert. denied, 85 U.S.L.W. 3324 (U.S. Jan. 9, 2017).

"A party moving for summary judgment must identify for the district court the portions of the record that show the absence of any genuine issue of material fact."  Flovac, Inc. v. Airvac, Inc., 817 F.3d 849, 853 (1st Cir. 2016).  Once the moving party makes the required showing, "'the burden shifts to the nonmoving party, who must, with respect to each issue on which [it] would bear the burden of proof at trial, demonstrate that a trier of fact could reasonably resolve that issue in [its] favor.'"  Id.

(citation omitted).  "This demonstration must be accomplished by reference to materials of evidentiary quality, and that evidence must be more than 'merely colorable.'"  Id. (citations omitted). The nonmoving party's failure to make the requisite showing "entitles the moving party to summary judgment."  Id.


## Background

### I.   Summary Judgment Motion

In her motion for summary judgment, Johnson asserts two arguments in support of relief.  First, Johnson argues that she was not at the prison on the day Valerio claims she monitored the video feed of the strip search and shower at the NHSP. Second, Johnson asserts that Valerio has failed to properly exhaust the available administrative remedies at the New Hampshire Department of Corrections ("DOC").  Because Johnson's first argument is dispositive, the court need not reach the exhaustion issue.

### II.  Facts

It is undisputed that, on July 6, 2012, Valerio arrived at the NHSP Reception and Diagnostic Unit ("R&D") to begin serving a prison sentence.  V. Am. Compl. (Doc. No. 12), at 6.  Valerio has alleged that during his intake at R&D, a corrections officer, who was not Johnson, conducted a strip search of

3

Valerio, and directed Valerio to take a delousing shower.  Id.
Valerio has asserted in this matter that, during the strip
search and shower, he was monitored by a surveillance camera,
id., and that Johnson monitored the video surveillance feed of
the strip search and shower from her desk.  Id. at 7.

Johnson avers that, on July 6, 2012, she was on vacation
with her family, and was not at R&D at any time during Valerio's
intake on that date.  Decl. of Bonnie Johnson (Doc. No. 21-1)
("Johnson Decl."), at 1.  Johnson's timecard, submitted as an
exhibit to her sworn declaration filed in support of summary
judgment, shows that Johnson was on annual leave on July 6,
2012.  2012 Department of Corrections Timecard for Bonnie
Johnson (Doc. No. 21-1), at 5.  Johnson has averred that the
time card is true and correct.  Johnson Decl. at 2.

Valerio has not testified to any facts that demonstrate
that Johnson was at the prison on July 6, 2016.  Valerio's only
statement countering Johnson's declaration has been that, "upon
information and belief," Johnson monitored the video feed of
Valerio's strip search and shower from her desk.  V. Am. Compl.
(Doc. No. 12), at 12.  In an effort to cast doubt on Johnson's
sworn statements and timecard, Valerio argues that Johnson's
timecard:

should not be considered an official NHDOC document

and as such, not accepted as credible based on the
lack of an officials' signature, such as a supervising
officer's or that of another NHDOC official, who can
authenticate and verify that the time claimed is in
fact true and correct.

Pl.'s Obj. to Def.'s M. for Summ. J. (Doc. No. 31), at 2.  In

support of that argument, Valerio has submitted a July 2016

article published in the Union Leader newspaper, stating that

"[c]orrections officers still fill out time cards by hand, and

schedules are written out on paper.  [DOC Commissioner William]

Wrenn says that makes it almost impossible to figure out how

much overtime is going to pay for sick leave, unfilled vacancies

or other causes."  Id., Exh. O (Doc. No. 31-14), at 2.


### Discussion

Valerio's conclusory assertions challenging the reliability

of Johnson's timecard do not suffice to overcome Johnson's sworn

statements regarding her whereabouts, and her averment that the

timecard is accurate.  Further, Valerio does not assert any

basis for the court to find that he had personal knowledge that

Johnson was, in fact, at R&D on July 6, 2016.  "Statements made

upon information and belief, as opposed to personal knowledge,

are not entitled to weight in the summary judgment balance."

Cadle Co. v. Hayes, 116 F.3d 957, 961 n. 5 (1st Cir. 1997)[2]; see also Young v. Wells Fargo Bank, N.A., 828 F.3d 26, 33 (1st Cir. 2016) ("party's testimony, 'containing relevant information of which [he] has first-hand knowledge, . . . is . . . competent to support or defeat summary judgment'" (quoting Cadle Co., 116 F.3d at 957)).

Valerio has failed to demonstrate, with factual assertions of evidentiary quality, that there is any genuine issue of material fact as to Johnson's absence from the prison on July 6, 2012.  Accordingly, Johnson is entitled to summary judgment as to the sole claim asserted against her in this action.  See Flovac, Inc., 817 F.3d at 853.

## Conclusion

For the foregoing reasons, the district judge should grant the motion for summary judgment, and drop Johnson from this action.

---

[2]In a recent case in this court where defendant argued that plaintiff's "reliance 'upon information and belief'" was not sufficient to defeat summary judgment, the court found that summary judgment would be premature, as plaintiff had not yet had the opportunity "to gather evidence in support of [her] complaint" through discovery.  Heino v. U.S. Bank, N.A., No. 16-cv-128-LM, 2016 WL 7116017, at *10, 2016 U.S. Dist. LEXIS 168516, at *27 (D.N.H. Dec. 6, 2016).  Here, discovery has concluded as to plaintiff's claim against Johnson, and summary judgment based on plaintiff's reliance upon "information and belief" as to material facts is not premature.  See Pl.'s Mot. to Move Forward with Summ. J. (Doc. No. 30), at 1.

Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. <u>See</u> Fed. R. Civ. P. 72(b)(2). The fourteen day period may be extended upon motion. Failure to file specific written objections to the Report and Recommendation within the specified time waives the right to appeal the district court's order. <u>See</u> <u>Santos-Santos v. Torres-Centeno</u>, 842 F.3d 163, 168 (1st Cir. 2016); Fed. R. Civ. P. 72(b)(2).

_____
Andrea K. Johnstone
United States Magistrate Judge

February 1, 2017

cc:  Dwayne M. Valerio, pro se
     Seth Michael Zoracki, Esq.